HELEN M. CLARK, RELATOR, v. STATE BOARD OF EXAMINERS, RESPONDENTS.

Argued October 6, 1926—Decided January 25, 1927.

**Education—Permanent Teacher's Certificate—Teacher Educated in Another State, Having Taught Here the Required Time, Asked For a Permanent Certificate—County Superintendent Refused—His Decision, on Appeal, Sustained—On Appeal to State Superintendent, He Asked That the Matter be Sent Back to State Board of Examiners For Rehearing—Instead of Pressing That Course This Rule was Secured—Held, That Mandamus Should Not Issue at This Time.**

On rule to show cause why *mandamus* should not issue requiring the issuance of a permanent teacher's certificate.

Before Justices PARKER, BLACK and CAMPBELL.

For the relator, *Joseph W. Henry.*

For the respondents, *Harry R. Coulomb,* assistant attorney-general (*Edward L. Katzenbach,* attorney-general, on the brief).

PER CURIAM.

We do not think relator is entitled to a *mandamus,* particularly at the present stage.

Her rights are to be determined in view of the rules promulgated by the state board of education by authority of the School law.

Relator graduated at a normal school in New Hampshire, and obtained a temporary license to teach in the public schools of this state. Under the rules, this might be made permanent after two years' service, on filing with the state board of examiners a testimonial of competency and success from the county superintendent of schools. This latter could grant or refuse such testimonial; in the latter case he was required to file with the state board of examiners a statement

of his reasons for so refusing. He did refuse, and filed the statement. The rules provide that the applicant may appeal to the state board of examiners and that board "may in its discretion renew or make permanent the certificate of the applicant." She appealed accordingly, and that board, for reasons satisfactory to them, declined to make the certificate permanent. She appealed to the commissioner of education and, after producing evidence as to what had taken place before the state board of examiners, her counsel asked the commissioner of education to rehear the main case on the merits to the end that if satisfied of her qualifications, he award a permanent certificate. He refused to go into the general merits of the case, and decided that the application should be sent back to the state board of examiners for a rehearing. Relator then appealed from this decision to the state board of education which affirmed the action of the commissioner.

In this posture of affairs we are asked to *mandamus* the examiners to award a permanent certificate as though relator had had the full hearing of which she was apparently deprived, and as though she had proved a *bona fide* case before the examiners which would make it an abuse of discretion on their part to refuse a certificate. This would be tantamount to awarding her a judgment when she was entitled to nothing more than a new trial, or, perhaps, a hearing *de novo* on appeal, though we have not gone particularly into this phase of the case. It may be that the decisions of the commissioner and the state board of education could be attacked on *certiorari;* but that is not this case. As the matter stands, we are clear that relator is not entitled to the relief sought herein. The rule to show cause is therefore discharged, with costs.